ROSENBLUM v. FRIEDMAN.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

TRIAL (§ 165*)—DISMISSAL—MERITS—FAILURE OF PROOF.

Where, with sufficient evidence to sustain the allegations of a complaint for personal injuries, recovery could be had, a dismissal of the complaint on the merits for a mere failure of proof is error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Abraham Rosenblum against Mary Friedman. From a judgment dismissing the complaint on the merits, plaintiff appeals. Modified.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

Lester B. Freedman (Rudolph Marks, on the brief), for appellant.
Amos H. Stephens, for respondent.

WOODWARD, J. This is an action under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204) to recover damages for personal injuries. There can be no doubt that at the close of the evidence the defendant was entitled to a dismissal of the complaint for a failure of proof. The court, however, went further, and dismissed the complaint upon the merits; and this it had no authority to do upon the case as it was then presented. There was simply a failure of proof, not an impossibility of proof, which might entitle the plaintiff upon a new trial to recover. The discussion of the case by the court in dismissing the complaint clearly shows that, with sufficient evidence in support of the allegations of the complaint, a case would be presented for the jury, and so long as there is such a condition it is not proper for the court to dismiss upon the merits. That is the equivalent of saying that there could be no recovery as a matter of law under the facts alleged.

The judgment appealed from should be modified, by striking out the words "upon the merits," and, as so modified, affirmed.

Judgment of the Municipal Court modified, by striking out the words "upon the merits," and, as so modified, affirmed, without costs. All concur.